UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALLEN WASHBURN,

           Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION

           Defendant.

Case No. 25-4013-JAR-GEB

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Request Jury Trial (ECF No. 7). Upon review of Plaintiff's Motion (ECF No. 7), Defendant's Response (ECF No. 8), and what the Court interprets as Plaintiff's Reply (ECF No. 9), the Court DENIES Plaintiff's Motion without prejudice as premature.

**I.**  **Plaintiff's Motion to Request Jury Trial (ECF No. 7)**

On January 21, 2025, Plaintiff filed this action as a pro se litigant in the District Court of Saline County seeking damages from the Social Security Administration. He claims he suffered mental anguish and loss of property because the Social Security Administration and its' disability team took 604 days to decide, and ultimately deny, his disability claim (ECF No. 1-1). Defendant removed this matter to Federal Court on February 14, 2025 (ECF No. 1). On February 21, 2025, Defendant filed a Motion to Dismiss this case in its' entirety for lack of jurisdiction (ECF No. 6).

On February 26, 2025, Plaintiff filed the instant Motion requesting this matter be

1

heard by jury in accordance with his civil rights, and then he filed a pleading titled Motion to Show Cause on March 6, 2025 (ECF No. 9). The Court interprets this pleading as reiterating his right to a jury trial herein. Plaintiff contends it is his "7th Amendment right to request a Jury Trial in any case."[1] Defendant's Response contends Plaintiff's Motion is premature where it requests a jury trial before the issue of subject matter jurisdiction for this matter has been resolved in the pending Motion to Dismiss (ECF No. 6). Defendants also argue Plaintiff's claims against the Social Security Administration are against the United States Government and sound in tort. Therefore, Plaintiff's action should be brought under the Federal Tort Claims Act (FTCA), which precludes entitlement to a trial before a jury.[2]

Plaintiff's Motion for Jury Trial (ECF No. 7) is premature where it fails to allow the Court time to resolve the issue of subject matter jurisdiction raised by the Motion to Dismiss. Fed. R. Civ. P. 1 provides for the "just, speedy, and inexpensive determination of every action and proceeding." The Court holds the inherent power to control the disposition of causes on its' docket in the interest of judicial economy of time and effort.[3] Here, in the

---

[1] ECF No. 9 at 1.
[2] *Brooks v. Couchman*, No. CIV.A. 04-2209-KHV, 2004 WL 2607551, at *7 (D. Kan. Nov. 16, 2004) (dismissing tort claims against federal agencies and federal employee based upon sovereign immunity), aff'd, 163 F. App'x 739 (10th Cir. 2006); *Engle v. Mecke*, 24 F.3d 133, 135 (10th Cir. 1994) ("FTCA claims may not be tried to a jury." (citing 28 U.S.C. § 2402)); *See also Harris v. Sec'y of United States Dep't of Veterans Affs.*, No. 23-2285-HLT, 2023 WL 6976059, at *2 (D. Kan. Oct. 23, 2023) ("Plaintiff did not name the United States as a defendant. . . .This is fatal to his FTCA claim.").
[3] *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 (1998); *see also Digital Ally, Inc. v. Taser Internat'l*, 2019 WL 13072873, at *2 (D. Kan. July 9, 2019); *Universal Premium Acceptance Corp. v. Oxford Bank & Trust*, No. 02–2448–KHV, 2002 WL 31898217, at *1 (D. Kan. Dec. 10, 2002) (citing *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963)).

interest of judicial economy, the pending Motion to Dismiss ought to be resolved before the issue of jury trial to first determine the Court's subject matter jurisdiction over the action. The Court will not attempt to construe Plaintiff's claims prior to the resolution of parties' Fed. R. Civ. P. 12 practice, nor is it proper to do so in the instant motion. Thus, **Plaintiff's Motion (ECF No. 7) is DENIED without prejudice** as premature**.**

**IT IS SO ORDERED.**

Dated March 12, 2025 at Wichita, Kansas.

<u>s/ Gwynne E. Birzer</u>
GWYNNE E. BIRZER
U.S. Magistrate Judge