IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALLEN WASHBURN,

    Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Case No. 25-4013-JAR-GEB

## MEMORANDUM AND ORDER

Plaintiff Allen Washburn originally filed this this action *pro se* in the Saline County, Kansas District Court against the Social Security Administration ("SSA"), challenging the delay in its decision denying his application for social security benefits. Defendant SSA removed on February 14, 2025. Before the Court is SSA's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 6). Plaintiff responded by filing a Motion to Show Cause (Doc. 9), to which SSA has replied. Thus, the Court considers both motions under advisement and is prepared to rule. As described below, Defendant's motion to dismiss for lack of subject matter jurisdiction is granted and Plaintiff's motion to show cause is moot.

**I.    Standards**

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a claim where the court lacks subject matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."[1] Federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States or where

---

[1] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (first citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992); and then citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

there is diversity citizenship.[2] "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[3] The party asserting the existence of federal subject matter jurisdiction bears the burden of establishing that such jurisdiction exists.[4]

A motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack.[5] "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint."[6] "A factual attack goes beyond the allegations in the complaint and adduces evidence to contest jurisdiction."[7] Because the SSA challenges the facts upon which the Court may exercise subject matter jurisdiction in this matter, it may consider matters outside the pleadings.[8] Specifically, the Court considers Exhibits A and B attached to SSA's motion to dismiss.[9]

Because Plaintiff proceeds *pro se*, the Court must construe Plaintiff's pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[10] Thus, if a *pro se* plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his

---

[2] 28 U.S.C. § 1331 (federal question); *id.* § 1332 (diversity of citizenship).

[3] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citing *Bradbury v. Dennis*, 310 F.2d 73 (10th Cir. 1962)).

[4] *Id.* (citing *Becker v. Angle*, 165 F.2d 140 (10th Cir. 1947)); *Ayala v. New Mexico*, No. 23-2013, 2023 WL 3374112, at *1 (10th Cir. May 11, 2023) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[5] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425 (2001).

[6] *Id.* (citing *Ohio Nat'l Life Ins. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

[7] *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020) (citations omitted).

[8] *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002).

[9] Docs. 6-1, 6-2.

[10] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (citing *Gagan v. Norton*, 35 F.3d 1473, 1474 n.1 (10th Cir. 1994)).

confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[11] However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[12] For that reason, the Court will not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[13] nor will it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[14]

## II.     Background

Plaintiff Allen Washburn applied for social security disability benefits on January 17, 2023. It took almost two years before the SSA denied his claim on October 21, 2024. Prior to the denial, the agency required Plaintiff to visit a psychiatrist multiple times, who told him he was not able to work. Nonetheless, SSA denied his claim. Plaintiff submitted a request for reconsideration on October 28, 2024, which remains pending. On January 21, 2025, Plaintiff filed this case in the District Court of Saline County, Kansas.

Plaintiff is struggling with homelessness, schizophrenia, post-traumatic stress disorder, and severe anxiety and depression. He was committed to Larned State Hospital at some point due to a breakdown. Plaintiff seeks $4 million in damages from the SSA for the mental anguish he experienced due to the delay associated with deciding his disability benefits claim.

## III.    Discussion

The SSA moves to dismiss for lack of subject matter jurisdiction under the doctrine of sovereign immunity. When a defendant raises Eleventh Amendment immunity on a motion to

---

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Id.*

[13] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citing *Dunn v. White*, 880 F.2d 1188 (10th Cir. 1989)).

[14] *Whitney*, 113 F.3d at 1175.

dismiss, it implicates this Court's subject matter jurisdiction and, thus, arises under Rule 12(b)(1).[15]  "Sovereign immunity is the privilege of the sovereign not to be sued without its consent."[16]  "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress."[17]  Similarly, states and state agencies are generally immune from suit.[18]  When sovereign immunity applies, it deprives the court of subject matter jurisdiction, thereby shielding the government from suit.[19]  Sovereign immunity does not apply when a state waives its immunity, and in some circumstances Congress may abrogate states' sovereign immunity by appropriate legislation.[20]  "But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."[21]  A valid waiver of sovereign immunity "cannot be implied but must be unequivocally expressed."[22]  Similarly, "Congress' intent to abrogate the States' immunity from suit must be obvious from 'a clear legislative statement.'"[23]

Liberally construing Plaintiff's Petition, as the Court must, he alleges a claim for damages against the SSA under the Federal Tort Claims Act ("FTCA") on the basis of the delayed decision on his application for social security benefits.  The FTCA contains "a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a

---

[15] *United States ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 942–44 (10th Cir. 2008).  In contrast, the Tenth Circuit has held that the derivative-jurisdiction doctrine is a procedural bar to suit and is, thus, waivable.  *High Lonesome Ranch, LLC v. Bd. of Cnty. Comm'rs for Cnty. of Garfield*, 61 F.4th 1225, 1240–41 (10th Cir. 2023).

[16] *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253 (2011).

[17] *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983).

[18] *Va. Off. for Prot. & Advoc.*, 563 U.S. at 253 (citing *Alden v. Maine*, 527 U.S. 706, 713 (1999)).

[19] *Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1080 (10th Cir. 2006).

[20] *Va. Off. for Prot. & Advoc.*, 563 U.S. at 253–54 (citations omitted).

[21] *Id.* at 254.

[22] *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)).

[23] *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996) (quoting *Blatchford v. Native Vill. of Noatak & Circle Vill.*, 501 U.S. 775, 786 (1991)).

private party for certain torts of federal employees acting within the scope of their employment," which "must be construed narrowly and the 'limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied.'"[24]

Under the FTCA, "the United States is the only proper defendant."[25]  Here, Plaintiff did not name the United States, only the SSA.  In his motion to show cause, Plaintiff asks that the Court permit him to amend and add the United States as a party to this action.  But even if the Court permitted him to do that, Plaintiff has not demonstrated that he complied with 28 U.S.C. § 2675, the notice requirement of the FTCA.  Under that provision, before a plaintiff can institute suit against the United States, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."[26]  "This exhaustion requirement is 'jurisdictional and cannot be waived.'"[27]

To satisfy the FTCA's notice requirement, a claimant must present to the appropriate federal agency: "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'"[28]  There is no evidence that Plaintiff submitted a notice of claim to the SSA as required by § 2675.  And SSA has submitted the Declaration of Virginia Pizza, who is a FTCA Team Leader for the SSA and is responsible

---

[24] *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016) (first quoting *United States v. Orleans*, 425 U.S. 807, 813 (1976); and then quoting *Miller v. United States*, 463 F.3d 1122, 1123 (10th Cir. 2006)).

[25] *See Kucera v. Cent. Intel. Agency*, 754 F. App'x 735, 737 (10th Cir. 2018) (quoting *Smith v. United States*, 561 F.3d 1090, 1099) (10th Cir. 2009)).

[26] 28 U.S.C. § 2675(a).

[27] *Lopez*, 823 F.3d at 976 (quoting *Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991)).

[28] *Est. of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005) (quoting *Bradley*, 951 F.2d at 270).

for intake and processing of all tort claims submitted against SSA under the FTCA.  She attests that there is no record of an administrative claim being lodged against SSA by Plaintiff.[29]  Moreover, Plaintiff has not obtained a final decision from the SSA on his disability application; his appeal is still pending.  Because the SSA is immune from suit, and because any claim Plaintiff may have against the United States has not been administratively exhausted, this Court lacks subject matter jurisdiction.[30]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 6) is **granted**.  Plaintiff's Motion to Show Cause (Doc. 9) is **moot**.  The Court dismisses this case without prejudice, and the Clerk is directed to terminate this action.

**IT IS SO ORDERED.**

Dated: March 26, 2025

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE

---

[29] Doc. 6-2 ¶ 4.

[30] Accordingly, the Court does not reach the issue of derivative jurisdiction.